**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 16 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against –

JEFFREY CASO

Defendant.

---

08-CR-481

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On June 17, 2009, Jeffrey Caso was convicted by jury verdict of a single-count indictment, which charged that between September 29, 2004 and June 17, 2008, the defendant, together with others, transported, transmitted, and transferred in interstate commerce goods, wares, merchandise and money of a value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

Caso was sentenced on February 24, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 20 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 33 and 41 months. The offense level calculation included a twelve-point enhancement based on an intended loss of between $200,000 and $400,000. This intended loss amount was found to be more accurate than the proposed intended loss of $1,716,837.50, based on the retail price of the items defendant trafficked in. Because the items had in effect been discarded by the hospitals at the time defendant acquired them, they were valued at a substantial discount from the retail price.

The offense carried a maximum term of imprisonment of 10 years. 18 U.S.C. § 2314. The guidelines range of fine was from $12,500 to $125,000.

Caso was sentenced to three years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A forfeiture order in the amount of $100,000 was previously issued in connection with the instant offense. Restitution is mandatory, but no victim came forward to claim restitution. No specific victims were identified, and the amounts of any

2

losses suffered by victims were unknown. 18 U.S.C. § 3663A. No restitution was ordered. *See*

*United States v. Cataggio*, 326 F.3d 323, 326 (2d Cir. 2003).

Respectful consideration was given to the sentencing guidelines, the Sentencing

Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C.

§ 3553(a) and *Booker* given the specific nature and circumstances of the defendant.

The court considered the "nature and circumstances of the offense and the history and

characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). While the offense is a serious

one, defendant has expressed remorse. Over many years, as detailed in his written submission,

Caso has dedicated himself to his family, his work, service to others, and volunteerism. On

September 11, 2001 he was airlifted by helicopter from Staten Island University Hospital to

Ground Zero to set up a triage unit. On March 9, 2009 a tanker carrying several thousand

gallons of a hazardous liquid overturned on a ramp leading up to the New Jersey Turnpike. Caso

arrived at the accident and immediately began to render emergency medical assistance. At

considerable personal risk he stayed with the driver until further assistance arrived, saving the

drivers life. The defendant is also a Vice Flotilla commander in the United States Coast Guard

Auxiliary, stationed in Staten Island, New York. A sentence of three years probation, together

with the $100,000 forfeiture order to which defendant is subject, reflects the seriousness of the

offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C.

§ 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general

deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a

clear message that any involvement in interstate transportation of stolen property will result in significant punishment. Specific deterrence is achieved through probation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his strong family support, his demonstrated commitment to his community, and his sincere expressions of remorse.

Jack B. Weinstein
Senior United States District Judge

Dated: March 3, 2010
      Brooklyn, New York